UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KEVIN KWOK, KYLE RINKER, and AMANDA STRICKLAND, | Case No. 3:24-cv-00489-IM |
| Plaintiffs, | |
| v. | |
| THE BOEING COMPANY; and ALASKA AIRLINES, INC. | |
| Defendants. | |

## **FIRST AMENDED COMPLAINT**

Plaintiffs Kevin Kwok, Kyle Rinker, and Amanda Strickland, by and through their attorneys, Idiart Law Group, LLC, files this Amended Complaint for Damages against Defendants The Boeing Company and Alaska Airlines, Inc. jointly and severally, allege as follows:

### I.   INTRODUCTION

1.  This action arises from an explosive decompression event of a Boeing 737 aircraft. On January 5, 2024, Plaintiffs Kevin Kwok, Kyle Rinker, and Amanda Strickland were fare-paying passengers aboard Alaska Airlines Flight 1282 from Portland, Oregon to Ontario, California. Kevin Kwok was travelling to Ontario to visit family. Mr. Rinker and Ms. Strickland were travelling to Temecula, California to visit Ms. Strickland's family. Shortly after takeoff, at an altitude of approximately 16,000 feet, a plug door towards the rear of the aircraft blew out, which resulted in explosive and violent decompression of the aircraft cabin.  The passengers nearest the gaping hole had shoes, cellphones, and other personal items sucked out the hole due to the explosive decompression. The sudden decompression was so strong it tore the shirt off a young

6

passenger. Mr. Kwok was seated towards the front of the plane, but immediately became aware of the danger when the oxygen masks dropped from the ceiling. Mr. Rinker and Ms. Strickland were seated near the rear of the plane diagonally behind and across the aisle where the door plug blew out. Screams of panic and horror filled the plane. Mr. Kwok, Mr. Rinker, and Ms. Strickland prepared for the impending crash and certain death. Eventually it became apparent that the pilot had regained control of the aircraft and that an emergency landing would be made. Mr. Kwok was traumatized by the horrible events of Flight 1282, and could not continue his trip to Ontario, California. Mr. Rinker and Ms. Strickland were traumatized by the horrible events of Flight 1282, and could not continue their trip to Temecula, California.

## II.     PARTIES

2.      Plaintiff Kevin Kwok ("Mr. Kwok") is a citizen and resident of the State of Oregon; he was a passenger on Alaska Airline Flight 1282.

3.      Plaintiff Kyle Rinker ("Mr. Rinker") is a citizen and resident of the State of Oregon; he was a passenger on Alaska Airline Flight 1282.

4.      Plaintiff Amanda Strickland ("Ms. Strickland") is a citizen and resident of the State of Oregon; she was a passenger on Alaska Airline Flight 1282.

5.      Defendant The Boeing Company ("Boeing") is, and was at all relevant times, a corporation incorporated under the laws of the State of Delaware; its principal executive offices are at 929 Long Bridge Drive, Arlington, Virginia; it is engaged in the business of manufacturing and selling commercial aircraft for transportation of paying passengers by air; it is authorized to do business, and does business, in the State of Oregon; it may be served through its Registered

7

Agent—Corporation Service Company, 1127 Broadway Street, NE, Suite 310, Salem, Oregon 97301.

6.  Defendant Alaska Airlines, Inc. ("Alaska Airlines") is, and was at all relevant times, a corporation incorporated under the laws of the State of Washington; its principal place of business is at 19300 International Boulevard, SeaTac, Washington; it operates as a common carrier airline for the transportation of paying passengers by air; it is authorized to do business, and does business, in the State of Oregon; it may be served through its Registered Agent—Corporation Service Company, 1127 Broadway Street, NE, Suite 310, Salem, Oregon 97301.

### III.  **JURISDICTION**

7.  Personal jurisdiction of Defendant Boeing is proper under general and specific jurisdictional principles.  At all relevant times, upon information and belief and subject to discovery on this issue, Boeing, directly or in conjunction with and/or through others: was engaged in continuous and systematic activities in Oregon; was engaged in activities related to the Flight 1282 incident; transacted business in Oregon; committed a tortious act within Oregon related to the Flight 1282 incident; committed a tortious act without Oregon that caused injury to persons and property in Oregon related to the Flight 1282 incident; regularly does, and solicits, business and engages in other persistent conduct, and derives substantial revenue from goods used, in Oregon; should reasonably expect its acts to have consequences in Oregon; derives substantial revenue from interstate and international commerce; has employees in Oregon; and owns, uses or possesses real property in Oregon.  Personal jurisdiction of Boeing in Oregon comports with constitutional due process.

8.       Personal jurisdiction of Defendant Alaska Airlines is proper under general and specific jurisdictional principles. At all relevant times, upon information and belief and subject to discovery on this issue, Alaska Airlines, directly and in conjunction with and/or through others: was engaged in continuous and systematic activities in Oregon, which were related to the Flight 1282 incident; transacted business in Oregon; individually and in conjunction with others, committed a tortious act within Oregon related to the Flight 1282 incident; committed a tortious act without Oregon that caused injury to persons and property in Oregon related to the Flight 1282 incident; regularly does, and solicits, business and engages in other persistent conduct, and derives substantial revenue from goods used in Oregon, and should reasonably expect its acts to have consequences in Oregon; derives substantial revenue from interstate and international commerce; has employees in Oregon; and owns, uses or possesses real property in Oregon. Personal jurisdiction of Alaska Airlines in Oregon comports with constitutional due process.

9.       As set forth in the factual allegations that follow herein, the events leading to the engine failure that caused the passenger fatality and the injuries to other passengers, including Mr. Kwok, occurred in Oregon prior to departure of Flight 1282. That was the last opportunity for all Defendants, either directly or with and/or through Alaska Airlines, to inspect, test, detect and correct the problem of a dangerous plug door that was about to cause the fuselage failure of the Boeing 737 aircraft, or in the alternative to remove the Boeing 737 aircraft with the dangerously defective door plug from service. All passengers boarded the aircraft in Oregon. Once the Boeing aircraft took off, the incident was inexorable—indeed, it occurred within twenty minutes after liftoff from Portland International Airport.

## IV. FACTUAL ALLEGATIONS

10. Alaska Airlines Flight 1282, a Boeing 737 Max 9, took off from Portland International Airport at 5:07 p.m. heading to Ontario, California with one hundred seventy-one passengers and six crew members on board.

11. Approximately six minutes into the flight and as the aircraft climbed to 16,000 feet a factory installed door plug separated from the airframe.

12. The door plug was located at seat 26A. Fortunately, no one was seated immediately next to the gaping hole.

13. The sudden opening caused uncontrolled decompression throughout the cabin.

14. Several passengers stated that they heard a loud explosive bang or boom followed by a gust of wind.

15. The sudden decompression caused a rush of air out of the cabin, ripping the shirt off a child and loose items in the cabin to be expelled through the opening. Additional debris was flying throughout the passenger cabin.

16. Although the aircraft's oxygen masks were deployed, some did not function properly.

17. During the excruciating moments following the incident Mr. Kwok, Mr. Rinker, Ms. Strickland and other passengers endured the horrific fear of a plane crash—suddenly and unexpectedly passengers were facing death. Many passengers texted or tried to call loved ones; others comforted each other; and many others prayed.

18. The pilots made an emergency descent to 10,000 feet and returned to Portland International Airport where they made an emergency landing at approximately 5:26 p.m.

19. Interior non-structural damage was observed at rows 1 through 4, 11 and 12, 25 through 27, and 31 through 33, including damage to seat 25A, which lost its headrest and was itself twisted, and seat 26A, which lost its headrest and seatback cushion as well as the tray table on its rear side.

20. As a direct result of the frightful, death-threatening failure of the Boeing aircraft, Mr. Kwok, Mr. Rinker, and Ms. Strickland suffered severe mental, emotional, and psychological injuries, including post-traumatic stress, and physical injuries. The sudden pressure changed caused some passengers' ears to bleed.

21. Mr. Kwok, Mr. Rinker, and Ms. Strickland are just three of the hundreds of victims who suffered through these terrible incidents. There are hundreds more victims and even more recent, deadlier chapters.

22. Following the incident, The Boeing Company's CEO, David Calhoun stated "We're going approach this number one by acknowledging our mistake. We are going to approach it with 100% complete transparency."

23. Following the incident Alaska Airlines' CEO Ben Minicucci stated "It makes me angry. Boeing is better than this, and flight 1282 should never have happened."

24. In their investigation into the Incident, the NTSB confirmed four key bolts were missing when the plane left Boeing's factory near Seattle.

## V.    CAUSES OF ACTION

### COUNT 1    NEGLIGENCE (DEFENDANT BOEING)

25.    Plaintiffs incorporate by reference the factual allegations in the preceding paragraphs as if fully set forth herein.

26.    Boeing, in its business of making a profit from marketing and selling aircraft, had a duty to assure that its Boeing 737 Max 9 aircraft were reasonably safe and airworthy for the passengers flying therein whose safety and lives are at risk, including the duty to properly design, develop, test, manufacture, and inspect the aircraft, including component engines, engine containment structure, and passenger window security.

27.    Boeing had a duty to provide manuals, training, warnings and safety instructions for monitoring, inspecting, testing, servicing, maintaining and repairing the Boeing 737 Max 9 aircraft, including component engines, engine containment structure, door plugs, and passenger window security.

28.    Boeing negligently failed to assure that the Boeing 737 Max 9 Aircraft sold to Alaska Airlines and used for Flight 1282, including the door plug was reasonably safe and airworthy.

29.    Boeing negligently failed to provide adequate manuals, training, warnings and safety instructions for monitoring, inspecting, testing, servicing, maintaining and repairing the Boeing aircraft used for Flight 1282, including the door plug for the reasonable safety of passengers.

30. Boeing's negligence was the direct and proximate cause of the door plug failure on Flight 1282, and the resulting physical and emotional injuries and damages suffered by Mr. Kwok, Mr. Rinker, and Ms. Strickland.

31. As a direct and proximate result of the negligence of Boeing, Mr. Kwok, Mr. Rinker, and Ms. Strickland suffered, and will continue to suffer, severe emotional and psychological injuries, including post-traumatic stress, physical injuries and the resulting expenses and damages, the amounts of which are undetermined at this time.

32. By reason of the foregoing, Boeing is liable to Mr. Kwok, Mr. Rinker, and Ms. Strickland for compensatory damages in sums to be determined at trial.

## COUNT 2    NEGLIGENCE (DEFENDANT ALASKA AIRLINES)

33. Plaintiffs incorporate by reference the preceding factual allegations as if fully set forth herein.

34. As a common carrier airline transporting passengers for a fee, Defendant Alaska Airlines had a duty to provide the highest degree of care for its passengers, whose very lives were at risk.

35. Defendant Alaska Airlines had a duty to reasonably monitor, inspect, test, service, maintain and repair the Aircraft, including the Engine and engine containment structure, to keep its aircraft reasonably safe for its passengers, or to remove from service any aircraft that was not reasonably safe.

95017462.1

36. Defendant Alaska Airlines negligently failed in its duty to provide the highest degree of care for its passengers whose lives were at risk; and further failed in its duty to provide even a reasonable degree of care for its passengers.

37. Defendant Alaska Airlines negligently failed to reasonably monitor, inspect, test, service, maintain and repair the Aircraft, including the Engine and engine containment structure, to keep its aircraft reasonably safe for its passengers, and to remove from service aircraft that were not reasonably safe. The decision by Alaska Airlines to stop flying the Boeing aircraft at issue over the Pacific Ocean to Hawaii due to warnings from a cabin-pressurization system — yet keep flying it over land — confirms that the jet should not have been in the air and that Alaska Air knew it had major problems.

38. Defendant Alaska Airlines' negligence was the direct and proximate cause of the aircraft failure and the resulting physical and emotional injuries suffered by Mr. Kwok, Mr. Rinker, and Ms. Strickland.

39. As a direct and proximate result of the negligence of Defendant Alaska Airlines, Mr. Kwok, Mr. Rinker, and Ms. Strickland suffered, and will continue to suffer, severe mental, emotional and psychological injuries, including post-traumatic stress disorder, and physical injuries and resulting expenses, losses and damages, the amount of which is undetermined at this time.

40. By reason of the foregoing, Defendant Alaska Airlines is liable to Mr. Kwok, Mr. Rinker, and Ms. Strickland for compensatory damages in sums to be determined at trial.

## VI. DAMAGES

**COMPENSATORY DAMAGES (ALL DEFENDANTS)**

41. As a direct result of the frightful, death-threatening ordeal described herein caused by the failure of the Boeing aircraft, Mr. Kwok, Mr. Rinker, and Ms. Strickland suffered severe mental, emotional and psychological injuries, including post-traumatic stress, associated pain, suffering and physical injuries resulting therefrom, which are continuing, including past and future medical and other expenses.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For compensatory or general damages in an amount according to proof for Plaintiffs;

2. For special and economic damages, including past and future expenses, according to proof for Plaintiffs;

3. For costs and attorney's fees of suit incurred herein;

4. For such other and further relief as this Court may deem just and proper.

## VIII. DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

DATED:   May 29, 2025

/s/ Jonathan W. Johnson
Jonathan W. Johnson (pro hac vice)
Georgia Bar No. 394830

15

95017462.1

jwj@jonathanjohnsonatlantalawyer.com
Jonathan W. Johnson, LLC
2296 Henderson Mill Road, Suite 406
Atlanta, Georgia 30345
(404) 298-0795  Phone
(404) 941-2285  Fax

Justin I. Idiart
Oregon Bar No. 111568
justin@idiartlaw.com
The Idiart Law Group, LLC
P.O. Box 3700
Central Point, Oregon 97502
(541) 772-6969  Phone
(541) 245-0486  Fax
*Attorneys for Plaintiffs*

16

95017462.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2025, I served <u>FIRST AMENDED COMPLAINT</u> by email and United States mail, proper first class postage affixed, to:

Caryn Geraghty Jorgensen
Brett T. MacIntyre
caryn.jorgensen@stokeslaw.com
brett.macintyre@stokeslaw.com
STOKES LAWRENCE, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
*Attorneys for Defendant Alaska Airlines*

and

Christopher M. Ledford (*pro hac vice*)
CLedford@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099

Alletta S. Brenner
ABrenner@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
*Attorneys for Defendant The Boeing Company*

Dated: May 29, 2025.

<u>/s/ Jonathan W. Johnson</u>
Jonathan W. Johnson (pro hac vice)
Georgia Bar No. 394830
jwj@jonathanjohnsonatlantalawyer.com
Jonathan W. Johnson, LLC
2296 Henderson Mill Road, Suite 406
Atlanta, Georgia 30345
(404) 298-0795  Phone
(404) 941-2285  Fax

Justin I. Idiart
Oregon Bar No. 111568
justin@idiartlaw.com
The Idiart Law Group, LLC
P.O. Box 3700

17

95017462.1

Central Point, Oregon 97502
(541) 772-6969  Phone
(541) 245-0486  Fax
*Attorneys for Plaintiffs*

18

95017462.1